

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARCIE R. TANNER<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:04-cv-00147 |
| | § | |
| THE CITY OF LUBBOCK, TEXAS and<br>TEXAS TECH UNIVERSITY,<br>Defendants | §<br>§<br>§<br>§ | |

## MOTION TO DISMISS FIRST AMENDED PETITION AND SUPPORTING BRIEF

NOW COMES Defendant Texas Tech University [the "University"] and moves this Court to dismiss the §§ 1981 and 1983 claims asserted against the University in Plaintiff's First Amended Petition pursuant to Rule 12(b)(6), FED. R. CIV. P., respectfully showing as follows.

### STANDARD OF REVIEW

Under Rule 12(b)(6), "[t]he court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," that is, when "the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999). "When deciding a motion to dismiss under Rule 12(b)(6), the district court must accept the plaintiff's factual allegations as true and resolve doubts as to the sufficiency of the claim in the plaintiff's favor." *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming v. U.S.*, 281 F.3d 158, 161-62 (5th Cir. 2001). However, "conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation and internal quotation marks omitted).

### PROCEDURAL BACKGROUND

On June 2, 2004, Plaintiff filed her Original Petition and Request for Disclosure [the "Petition"] in the 99th Judicial District Court, Lubbock County, Texas in cause number 2004-526,572 [the "State Proceeding"], alleging Defendants' violation of 42 U.S.C. § 1981. On June 25, 2004, counsel for the University deposited a notice of removal (together with the required ancillary materials and pleadings) with a courier service for delivery on June 28, 2004. On June 28, 2004 at 11:13 a.m., the Clerk received and docketed the notice of removal. DOCKET NO. 1. Approximately seven minutes thereafter (at 11:20 a.m.), Plaintiff filed a First Amended Petition [the "First Amended Petition"] in the State Proceeding. At 2:19 p.m., the Lubbock County District Clerk docketed a notice of removal in the State Proceeding. On June 30, 2004, the University filed a motion to dismiss the Petition. DOCKET NO. 5. The University now files the present motion with respect to the First Amended Petition. The University does so in an abundance of caution, without conceding that the post-removal filing of the First Amended Petition in the State Proceeding sufficed to supercede the Petition or to constitute the First Amended Petition as the live pleading in this matter.

## APPLICATION AND ANALYSIS

The only authority cited by Plaintiff for the relief she requested in the Petition was 42 U.S.C. § 1981. The First Amended Petition adds 42 U.S.C. § 1983 and the Texas Bill of Rights. However, neither § 1981 nor § 1983 affords Plaintiff a cause of action against the University, a state institution.

To the extent that the First Amended Petition purports to state a separate § 1981 claim against the University, such claim must fail. "[T]he express cause of action for damages created by [42 U.S.C.] § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in §1981 by state governmental units." *Jett v. Dallas Independent School District*, 491 U.S. 701, 733 (1989). This remains true despite Congress's addition of subsection (c) to § 1981 in 1991. *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463 (5th Cir. 2001) ("[w]e are persuaded that the conclusion in *Jett* remains the same after Congress enacted the 1991 amendments. Subsection (c) addresses only substantive rights. Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law. The addition of subsection (c) creates no more of a need for the judiciary to imply a cause of action under § 1981 against state actors than existed when the Supreme Court decided *Jett*").

Unfortunately for Plaintiff, she cannot "state a § 1983 claim against the State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390 (1998), *citing Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). This is because the "State is not a 'person' within the meaning of § 1983." *Will*, 491 U.S. at 65. "[I]n enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law." *Id.* at 67. This includes the "established principle of jurisprudence that the sovereign cannot be sued in its own courts

3



without its consent." *Id.* (citation and internal quotation marks omitted). The Eleventh Amendment "evidenc[es] and ememplif[ies]" this principle. *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 268 (1997). However, "[t]his does not mean. . .that the scope of the Eleventh Amendment and the scope of § 1983 are not separate issues. Certainly they are." *Will*, 491 U.S. at 66. *See also Hafer v. Melo*, 502 U.S. 21, 30 (1991) ("[m]ost certainly, *Will's* holding does not rest directly on the Eleventh Amendment").

"Texas Tech, as a state institution, clearly enjoys Eleventh Amendment immunity." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir.1996). This immunity is not abrogated by either 42 U.S.C. § 1981 or § 1983. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981) (§ 1981); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) (§ 1983). Accordingly, the University has immunity to Plaintiff's claims. In addition, the University is entitled to move separately (as it has done in the present motion) for dismissal of Plaintiff's claims on the ground that it is not a "person" within the meaning of § 1983. *See Laxey v. Louisiana Board of Trustees*, 22 F.3d 621, 623 n.2 (5th Cir. 1994).

## CONCLUSION

For the foregoing reasons, the University requests that the Court enter an order granting this motion to dismiss, dismissing Plaintiff's §§ 1981 and 1983 claims against the University pursuant to Rule 12(b)(6), and providing the University such other relief to which it may be entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief, General Litigation Division

_____
RICHARD E. SALISBURY
Texas Bar No. 24033034
Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)
**Attorneys for Defendant Texas Tech University**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent, via United States Mail on this the 16th day of July, 2004, to:

| John E. Schulman<br>9400 North Central Expressway, Suite 416<br>Dallas, TX 75231<br>**Attorney for Plaintiff** | Jeffrey Clay Harstell<br>P.O. Box 2000<br>Lubbock, TX, 79457-0001<br>**Attorney for Defendant the City of Lubbock** |
|---|---|

_____
RICHARD E. SALISBURY
Assistant Attorney General